Filing # 43733567 E-Filed 07/08/2016 04:26:41 PM

# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

MICHAEL S. SCHIELE,

    Plaintiff,

v.                                  CASE No.:
                                    DIVISION:

SOUTHEAST SHOWCLUBS, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL S. SCHIELE ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, SOUTHEAST SHOWCLUBS, LLC ("Defendant"), and in support of him claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq. and 42 U.S.C. §1981 ("Section 1981").

2. Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant operates a adult entertainment club in Tampa, in Hillsborough County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7) and Section 1981.

## FACTS

10. Plaintiff began working for Defendant on March 21, 2013 as a General Manager, and he worked in this capacity until December 27, 2013.

11. While employed by Defendant as a General Manager, Plaintiff was instructed by Defendant's Director of Operations, Rob Rice to begin "thinning the herd," meaning he wanted Plaintiff to terminate the black employees.

12. Plaintiff refused to participate in Defendant's discriminatory employment practices, and instead hired a black female to work the front door.

13. Once Defendant's Owner, Mike Tomkovich became aware that a black female was hired by Plaintiff, he commented "fantastic, now I have a nigger door girl."

14. Finally, Defendant instructed Plaintiff to charge black entertainers up-front to perform, while similarly situated Caucasian employees were not charged until after they performed.

15. Defendant implemented this discriminatory practice to prevent black employees from worker, effectively terminating them.

16. Meanwhile, Plaintiff refused to participate in Defendant's discriminatory practices, and even openly complained to Defendant about its unlawful business activities under the FCRA and Section 1981.

17. In response, Defendant took no remedial action.

18. Instead, on or about December 27, 2013, Defendant terminated Plaintiff's employment in retaliation for engaging in protected activity under the FCRA and Section 1981.

19. Shortly thereafter, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 511-2014-00985.

20. On April 27, 2015, Plaintiff received a determination from the EEOC in which it found "Cause" for a violation under Section 1981.

## COUNT I – FCRA RETALIATION

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. Plaintiff is a member of a protected class under the FCRA.

23. Plaintiff engaged in protected activity under the FCRA by complaining to Defendant regarding its discriminatory employment practices.

24. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment.

25. Defendant's actions were willful and done with malice.

26. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to him prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II – RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

65. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of his Complaint as though fully set forth herein.

66. The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of 42 U.S.C. § 1981.

67. The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and/or harassment.

68. Plaintiff was injured due to Defendant's violations of 42 U.S.C. § 1981, including but not limited to losing his job, to which Plaintiff is entitled to legal and injunctive relief.

4

69. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

WHEREFORE, Plaintiff demands following:

a) a trial by jury on all issues so triable;

b) that process issue and this Court take jurisdiction over this case;

c) judgment against Defendant and for Plaintiff awarding compensatory and punitive damages against Defendant for Defendant's violations of law enumerated herein;

d) judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

e) reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) prejudgment interest on all monetary recovery obtained;

g) judgment against the Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

h) such further relief as is equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

5

Dated this _____ day of July, 2016.

Respectfully submitted,

/s/ Brandon J. Hill

BRANDON J. HILL
Florida Bar No. 0037061
WENZEL FENTON CABASSA, P.A.
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wfclaw.com
Attorneys for Plaintiff

6