UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL S. SCHIELE,

    Plaintiff,

v.     Case No. 8:16-cv-2308-T-30MAP

SOUTHEAST SHOWCLUBS, LLC,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Southeast Showclubs, LLC, responds to the allegations contained in Plaintiff's Complaint as follows:

### Jurisdiction and Venue

1.     Admitted for jurisdictional purposes only.

2.     Defendant admits that the selected venue is appropriate; otherwise denied.

### Parties

3.     Defendant is without sufficient knowledge to admit or deny this allegation; therefore, denied.

4.     Denied.

### General Allegations

5.     Denied.

6.     Defendant is without sufficient knowledge to admit or deny this allegation; therefore, denied.

7.     Paragraph seven contains no factual allegation requiring a response.

8. Denied.

9. Denied.

## Facts

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendant is without sufficient knowledge to admit or deny this allegation; therefore, denied.

20. Defendant is without sufficient knowledge to admit or deny this allegation; therefore, denied.

## Count I – FCRA Retaliation

21. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-20 as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

### Count II – Retaliation in Violation of 42 U.S.C. § 1981

65. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-20 as if fully set forth herein.[1]

66. Denied.

67. Denied.

68. Denied.

69. Denied.

### AFFIRMATIVE DEFENSES

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claim in Count I is barred by the applicable statute of limitations based upon Plaintiff's failure to institute this action within the time required by law.

3. Plaintiff failed to exhaust his administrative remedies prior to bringing suit.

4. As indicated in the above responses to Plaintiff's allegations, Defendant was not, and is not, the employer of Plaintiff, and Plaintiff has otherwise failed to allege a basis for vicarious liability of Defendant for the alleged acts and conduct set forth in the Complaint.

5. Without admitting that Defendant was the employer of Plaintiff, at all times material hereto, Defendant acted in good faith and with reasonable grounds for believing that it was not violating the Florida Civil Rights Act or 42 U.S.C. § 1981.

---

[1] Plaintiff's Complaint skips from paragraph 26 to paragraph 65. In order track Plaintiff's allegations, Defendant's numbered responses correspond with the paragraphs as numbered in the Complaint.

3

6. Without admitting that Defendant was the employer of Plaintiff, any and all actions taken by Defendant with regard to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

7. Without admitting that Defendant was the employer of Plaintiff, to the extent Plaintiff is able to demonstrate that he was subject to retaliation, Defendant would have taken the same action absent any consideration of Plaintiff's participation in a protected activity.

8. Plaintiff's damages are barred or reduced to the extent that Plaintiff failed to mitigate his damages.

9. Plaintiff was an at-will employee.

10. Plaintiff has failed to plead a claim for declaratory relief, barring any claims for declaratory relief.

11. Plaintiff's claims are barred or limited to the extent they exceed the scope of his charge of discrimination.

12. Without admitting that Defendant was the employer of Plaintiff, Plaintiff unreasonably failed to avail himself of Defendant's preventative and corrective measures.

13. Defendant has retained the undersigned attorneys and is obligated to pay them a reasonable fee. Pursuant to section 760.11, Florida Statutes, and 42 U.S.C. § 1988, Plaintiff is obligated to pay same.

14. Any punitive damages awarded to Plaintiff are subject to the limitation set forth under section 760.11, Florida Statutes.

15. Defendant is entitled to a setoff from any damages that may be awarded in this case based upon any and all payments or benefits paid or otherwise available to Plaintiff from any collateral sources.

16. Plaintiff's claims seeking damages for emotional distress are barred, in whole or part, by a pre-existing stressor affecting Plaintiff's mental condition.

Dated this 18th day of August, 2016.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: _____
Michelle Bedoya Barnett
Florida Bar No. 0823201
E-mail: michelle.barnett@adblegal.com
Todd A. Wright
Florida Bar No. 0071246
E-mail: todd.wright@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to: Brandon J. Hill, Esq. (bhill@wfclaw.com; jriley@wfclaw.com), 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602.

_____
ATTORNEY