**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL S. SCHIELE,**

    **Plaintiff,**

**v.**                                         **Case No. :  8:16-CV-2308-T-30MAP**

**SOUTH EAST SHOW CLUBS,**

    **Defendant.**

_____/

**PLAINTIFF'S MOTION TO COMPEL**
**DEFENDANT TO RESPOND TO PLAINTIFF'S WRITTEN DISCOVERY**

Plaintiff, pursuant to Fed. R. Civ. P. 37(a)(3)(B) and M.D. Fla. Local Rule 3.04(a), hereby moves this Court for an order requiring Defendant to fully and completely answer Plaintiff's First Set of Interrogatories to Defendant and Plaintiff's First Request for Production of Documents to Defendant. Plaintiff's first propounded written discovery on the Defendant on October 14, 2016. To date, despite repeated attempts by Plaintiff's counsel to obtain the discovery sought and despite an extension of time granted by the Court to respond to discovery, Defendant has not responded to any of Plaintiff's discovery requests. Finally, this Court should sanction the Defendant by ordering them to pay the fees Plaintiff has incurred as a result of having to file this Motion.

**FACTUAL BACKGROUND**

1.  On July 8, 2016, Plaintiff filed his Complaint alleging that Defendant violated the Florida Civil Rights Act, ("FCRA"), and 42 U.S.C. § 1981, ("Section 1981"), in the Florida State Circuit Court of  the Thirteenth Judicial Circuit in Hillsborough, Florida.

The case was removed to the United States District Court, Middle District of Florida, Tampa Division on August 11, 2016.

2. On October 14, 2016, Plaintiff served Defendant with discovery requests, including Interrogatories and Request for Production of Documents, (*See* **Composite Exhibit A**), making Defendant's responses due on November 17, 2016.

3. On November 14, 2016, Defendant requested an extension of time to respond to Plaintiff's discovery requests. The request was granted, making the Defendant's responses due on January 18, 2017.

4. On December 16, 2016, Defendant's counsel filed a Motion to Withdraw and the Motion was granted on December 19, 2016. On January 13, 2017, Defendant's new counsel filed a Notice of Appearance. Since then the undersigned has contacted Defendant's new counsel in several occasions regarding Defendant's responses to discovery. To this date Defendant has not responded to Plaintiff's written discovery, failing to meet the extended deadline.

5. Defendant cannot continue to disregard its discovery obligations. The discovery deadline in this case expired more than a month ago. There is no reason to allow Defendant to cause further prejudice to the Plaintiff by refusing to answer Plaintiff's discovery requests.

6. Prior to filing this Motion, the undersigned repeatedly contacted Defendant's counsel, in an attempt to amicably resolve the matter raised herein, but Defendant has not provided the responses to Plaintiff's written discovery.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order compelling Defendant to respond to both Plaintiff's interrogatories and requests for productions; and order Defendant to pay Plaintiff the fees incurred with bringing this Motion.

<u>**MEMORANDUM OF LAW**</u>

## I.    Legal Standard.

Federal Rule of Civil Procedure Rule 26, ("Rule 26"), sets forth the permissible parameters of discovery. Specifically, Rule 26(b) states that:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... [as long as the Court does not find that] (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discover in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)".

Notably, the party who seeks to exclude discovery bears the burden of demonstrating that it is irrelevant.[1]  Under the Federal Rules, responses to interrogatories and requests for production are due within 30 days.[2]  If the serving party does not receive a sufficient response, then the serving party may request an order compelling disclosure.[3] After the expiration of 30 days, a court may upon motion, order a party to provide complete, verified answers to interrogatories.[4]  These answers must be without objection, unless the

---

[1] *Bartram, LLC v. Landmark Am. Ins. Co.,* No. 1:10-cv-00028-SPM-GRJ, 2011 U.S. Dist. LEXIS 16763 * 10 (N.D. Fla. Feb. 4, 2011).
[2] Fed. R. Civ. P. 33 and 34.
[3] Fed. R. Civ. P. 37(a).
[4] Fed. R. Civ. P. 37(a)(3).

court for good cause excuses the failure to answer.[5]  Likewise, a party serving document requests may file a motion to compel discovery if, after 30 days, the responding party "fails to respond that inspection will be permitted-or fails to permit inspection- as requested under Rule 34.[6]  Compelled responses must then be served by the responding party without objections. [7]

## II.    Defendant by failing to respond to Plaintiff's written discovery has waived any potential objections and should be ordered to respond immediately.

Defendant neither objected nor responded to the discovery request before the discovery due date. Therefore, Defendant waived any potential objections that could have been raised to the discovery sought and cannot now show that the information is somehow not relevant and discoverable, a burden they were required, but failed, to carry.[8]  Based upon the present facts, there is no evidence suggesting that the Defendant will ever respond to the discovery propounded on Defendant unless compelled by the Court to do so. Therefore, this Court should order Defendant to provide full and complete verified answers without objections to Plaintiff's interrogatories and written responses and all documents responsive to Plaintiff's request for production.

---

[5] Fed. R. Civ. P. 33(b)(4) ("[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

[6] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[7] *Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 10, 2008) (noting that, "when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived"); *Allstate Ins. Co. v. South Harbor Joint Venture, LC*, No. 08-60866-CIV, 2008 WL 4826094, at *1 (S.D. Fla. Nov. 4, 2008) (finding waiver of objections when party fails to timely respond or object to discovery requests).

[8] *Id.*

### III.    Defendant's continued dilatory discovery tactics continues to prejudice Plaintiff and Defendant should be sanctioned as a result.

The Court should impose sanctions upon Defendant pursuant to Fed. R. Civ. P. 37(d)(1)(A) for Defendant's unjustified failure to provide timely, good faith responses to Plaintiff's discovery requests. Fed. R. Civ. P. 37(d)(3) provides that any of the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i-iv), which included awarding attorney's fees, can be imposed for failure to timely serve answers or a written response to the opposing parties interrogatories or document requests.  Here Defendant's discovery violations are wholly unjustified.   Based upon communications between counsels, Defendant does not appear to have any intention of providing its responses.

If Plaintiff's request for sanctions is granted, Plaintiff will submit a fee petition and bill of costs within ten (10) days of the Court's order on this Motion.  Finally, in light of Defendant's knowing and willful failure to comply with the discovery obligations in this case, Plaintiff further requests that the Court make clear in its order on this Motion that the Court will consider the entry of more severe sanctions in the event the Defendant fails to comply in full with the Court's order on this Motion, including entering any of the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i-iv), up to and including dismissal with prejudice.

### Conclusion

Based upon the foregoing reasons, Plaintiff's Motion to Compel must be granted. This Court should also award attorney's fees and cost against Defendant.

Plaintiff is mindful of M.D. Fla. Local Rule 3.04(a) that requires movant to "include quotation in full of each interrogatory, […] or request for production to which the motion is addressed." Plaintiff has not included each interrogatory or request for production due to its voluminous nature, however, Plaintiff has attached the First Set of Interrogatories and First Set of Request for Production of Documents sent to Defendant. (See Exhibit A). Should the Court require the incorporation of each interrogatory and request for production, Plaintiff will amend this Motion as needed.

## Certificate of Compliance with M.D. Fla. Local Rule 3.01(g) and Fed.R.Civ.P. 37(a)(1)

Counsel for the movant called Defendant's new counsel in numerous occasions. Defendant's counsel did not contact the undersigned back nor did they respond to the requests for discovery. Counsel for the movant conferred with all parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in this Motion and the parties were unable to do so.

Dated this 7th day of April, 2017.

Respectfully submitted,

/s/Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: mk@wfclaw.com
**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 7th day of April, 2017, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

Luke Lirot, Esq.
Florida Bar Number 714836
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764

/s/Brandon J. Hill
**BRANDON J. HILL**