# COMPOSITE EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL S. SCHIELE,**

     **Plaintiff,**

**v.**                       **Case No.: 8:16-CV-2308-JSM-MAP**

**SOUTH EAST SHOW CLUBS,**

     **Defendant.**

_____/

**PLAINTIFF'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff, MICHAEL S. SCHIELE (hereinafter "Plaintiff"), by and through undersigned counsel and in accordance with the Federal Rules of Civil Procedure, hereby requests that Defendant, SOUTH EAST SHOW CLUBS (hereinafter "Defendant"), diligently and carefully search for, inquire after, and produce for inspection and copying the documents identified below, regardless of their origin:

**I. INSTRUCTIONS**

1.     Defendant shall produce these documents within **thirty (30) days** after service of this request.

2.     In accordance with the Federal Rules of Civil Procedure, Defendant is hereby instructed to produce documents as they are kept in the ordinary course of business, or to organize and label documents so that they correspond with the categories in this request. In addition, all documents are to be produced in full and unexpurgated form. Redacted documents will not be deemed to comply with this request.

3.     If any document described in this request was, but no longer is, in Defendant's possession, custody, or control, please state whether the document:

     (a)     is missing or lost;
     (b)     has been destroyed;
     (c)     has been transferred, voluntarily or involuntarily, to others; or
     (d)     has otherwise been disposed of.

In each instance, please explain the circumstances surrounding the document's disposition, identify the person or persons authorizing the disposition, and list the date on which the document was so disposed. Please identify each document by listing the following information: Name and address of the author of the document; the nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.); date on which the document was created; subject matter of the document; present location(s) of the document; custodian (s); and whether the document (or a copy) is still in existence.

4.      If any requested document is believed to be privileged, or for some other reason may not be subject to production, please provide the following information:

      (a)     The nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.);
      (b)     Its date of creation;
      (c)     The name and address of its author; or,
      (d)     The identity of each recipient and addressee of the original document;
      (e)     The identity of all other persons who received copies of the document;
      (f)     The subject matter of the document; and
      (g)     The reason(s) for non-production, including all legal grounds.

5.      This request for production is a continuing one. Supplementation of responses to this request shall be made in accordance with the Federal Rules of Civil Procedure.

## II. DEFINITIONS

Whenever used in this request, the following definitions shall apply:

1.      "*Plaintiff*" means MICHAEL S. SCHIELE and all of his agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of him, regardless of whether they are authorized to do so.

2.      "*Defendant*" or "*You*" and "*your*" shall mean or refer to SOUTH EAST SHOW CLUBS, and all of its agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of it.

3.      If this request is directed to a natural person, then "Defendant" shall refer to the natural person named in the request.

4.      The term "*document*" is used in the broadest sense that the Federal Rules of Civil Procedure permit. Specifically, "*document*" includes, but is not limited to, all writings of any nature or type whatsoever, whether they contain written or graphic material, which are within the possession, custody, or control of the Defendant, or of any agent, employee, or representative (including, without limitation, attorneys, advisors, physicians, consultants, and accountants) or other person acting or purporting to act for or on behalf of Defendant, or in concert with them, including, but not limited to: Letters, tape recordings, notes, affidavits, contracts, agreements,

2

communications, correspondence, telegrams, telexes, cables, memoranda, records, reports, books, notebooks, summaries or records of telephone conversations, shipping documents, personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes or records, appraisals, records, checks, check stubs, employment materials, expense accounts, receipts, reports or summaries of negotiations, brochures, lists, journals, and advertisements.

The term "*document*" also includes electronically recorded information, such as electronic mail ("email"), html files, databases, data processing tapes and cards, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes, video tapes, audio tapes, view-graphs, any information maintained on digital, electronic, magnetic or other media, and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, index, tape recording, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronically recorded information shall also be produced in native format and any metadata shall be included.

"*Documents*" shall also include copies of documents (including but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or Xerox copies), including non-identical copies, regardless of whether they differ from the original because of any alteration, notes, comments, or other material contained therein or attached thereto, or for another reason.

For the purpose of the foregoing, "*draft*" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, regardless of whether such draft was superseded by a later draft, or the terms of the draft differ from those of the final document. The term "*copies*" means all copies of a document, including those copies that are not identical in every respect to the documents being produced.

The terms "*document*" and "*documents*" also include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the folder in which the documents are maintained.  A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5.      "*Metadata*" means the data found within documents.  It includes all electronically stored information that describes or defines the document that is not generally visible in the ordinary electronic display or printing of the document.  Common examples include comments, markups, revisions, the author's name, the owner's name, the names of those who have edited the document, creation dates, edit dates, and other information including, but not limited to, records of past versions and drafts.

6.      "*Native format*," as it relates to the production of electronic data, means the file format in which the document is ordinarily read and written by its related software application.

3

For example, a Microsoft Word 2003 document has a native format of .doc while an Adobe
Acrobat document has a native format of .pdf.

       7.     "***Relating to***" means regarding, supporting, tending to support, refuting, tending
to refute, or concerning (including, mentioning, stating, discussing, summarizing, describing,
reflecting, containing, referring to, depicting, connected with, embodying, evidencing,
constituting, comprising, reporting, pertaining to, or having any connection with or bearing
upon), directly or indirectly, the matter in question.

       8.     "***And/or***" shall be construed conjunctively and disjunctively, so as to demand and
elicit the broadest possible response to a particular inquiry.

       9.     "***Complaint***" means the original complaint that was filed in this action, as
amended through the date of this request.

### III. MANNER OF COMPLIANCE WITH RULES

      In accordance with the Federal Rules of Civil Procedure, Plaintiff hereby
designates a reasonable time, place, and manner for Defendant to make the requested documents
available for inspection:

**<u>Due Date:</u>**     **Thirty (30) days** after service of this request.

**<u>Place:</u>**     The Offices of Wenzel Fenton Cabassa, P.A., 1110 North Florida
Avenue, Suite 300, Tampa, Florida 33602, or any other place that the
Parties can mutually agree upon.

**<u>Inspection:</u>**     Originals, drafts, and non-identical copies of all the requested documents
shall be produced for inspection by Defendant's counsel at the time and
place specified above. In the alternative, Defendant may provide true and
accurate copies of all requested items via United States Mail.

### IV. DOCUMENTS TO BE PRODUCED

       1.     Please produce all documents identified in your answers to Plaintiff's
Interrogatories.

       2.     Please produce all documents relied upon as a basis for responding to Plaintiff's
Interrogatories.

       3.     Please produce any and all documents supporting in any manner whatsoever the
defenses and affirmative defenses raised in your Answer to the Complaint.

       4.     Please produce all documents which support your denial of any of the allegations
in the Complaint.

       5.     Please produce any and all documents relating to the terms and conditions of

Plaintiff's employment with Defendant, including all company policies, personnel manual(s), employee handbook(s), and any employment agreement entered into by Plaintiff and Defendant.

6.     Please produce Plaintiff's entire personnel file, including any and all documents and writings that were used to determine Plaintiff's qualifications for employment, transfers, salary, raises, pension eligibility, termination, or any other disciplinary action.

7.     Please produce any and all documents that memorialize and/or record Plaintiff's employment and work performance.

8.     With respect to any lawsuit filed against Defendant after 2006 relating to violations of 42 U.S.C. §1981, the Civil Rights Act of 1964, or the Florida Civil Rights Act of 1992, please produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

9.     Please produce any employment agreements, correspondence, and documents pertaining to any person, corporation, or entity retained by Defendant to act as an expert witness, advisor, or consultant in the above-styled case.

10.    Please produce a list of qualifications and a current resume for each expert witness, advisor, or consultant retained by Defendant in the above-styled case.

11.    Please produce all documents pertaining to any internal complaints of discrimination made by employees of Defendant who worked at the same facility as Plaintiff within the past five years, and include Defendant's responses to those internal complaints.

12.    Please produce any and all complaints relating to Plaintiff's work performance, as well as any warning notices issued to Plaintiff by Defendant in response to such complaints.

13.    Please produce any and all documents, letters, and memoranda describing, summarizing, or referring to any conversations between Plaintiff and any past or present employee, officer, or director of Defendant, pertaining either to Plaintiff's job performance or to any of Plaintiff's allegations in the instant proceeding.

14.    Please produce all documents that reference, in any manner whatsoever, the reasons that Plaintiff's employment was terminated on or around December 2013.

15.    Please produce any and all employee records containing any form memorializing an employee's self-identification on the basis of his or her race, such as an EEO-1 Survey Form or any other similar form regardless of its origin, compiled, kept, or preserved by Defendant for years 2011 through 2016.

16.    Please produce any and all employee rosters kept by Defendant for the location where Plaintiff worked for years 2011 through 2016.

17.    Please produce any and all internal documents created, kept, or preserved by Defendant for years 2011 through 2016, containing information identifying the race of any employee who worked for Defendant at the same location as Plaintiff.

18.     Please produce any and all job descriptions, specifications, or other documents that describe or otherwise relate to the functions and/or job duties performed by Plaintiff during the course of Plaintiff's employment with Defendant.

19.     Please produce Defendant's code of ethics and related policies that were in force during Plaintiff's employment.

20.     Please produce Defendant's policy and procedures concerning employee discipline that were in force during Plaintiff's employment with Defendant.

21.     Please provide all documents memorializing Defendant's policies on equal opportunity employment, workplace discrimination, dispute resolution, disciplinary action, and employee performance evaluations.

22.     Please produce all phone records for any cell phone(s) issued by Defendant to Plaintiff during the course of Plaintiff's employment with Defendant.

23.     Please produce all text messages, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

24.     Please produce all e-mails, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

25.     Please produce any and all documents submitted to an administrative agency related to Plaintiff's employment with Defendant, including documents submitted to the United States Equal Employment Opportunity Commission.

26.     Please produce Defendant's financial statements, bank statements, and income tax returns from fiscal year 2013 until the present.

27.     Please produce Defendant's balance statement and income statement for each year beginning with fiscal year 2013 until the present.

28.     Please produce all records which document any efforts made by Defendant to inquire into Plaintiff's background, including but not limited to financial records, criminal history, employment records, and litigation records.

29.     Please produce any and all correspondence exchanged between Plaintiff and Defendant, including e-mails.

30.     Please produce all documents regarding any training provided to Plaintiff from Defendant.

31.     Please produce all discipline records for employees who have been disciplined for similar reasons as Plaintiff.

6

32.     Please produce any video taken of Plaintiff related to Plaintiff's termination and/or discipline.

33.     Please provide copies of all documents related to Plaintiff's complaints of discrimination and Defendant's investigation or remedial action taken by Defendant.

34.     Please produce all applicable insurance policies.

35.     Please produce all records listing contact information for all persons who were considered by Defendant for the position held by Plaintiff after Plaintiff was terminated from employment.

Dated this 14th day of October 2016.

Respectfully submitted,

_____

**BRANDON J. HILL**
Florida Bar No. 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: mk@wfclaw.com
**Attorneys for Plaintiff**

7

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 14th day of October, 2016, the foregoing was

furnished via E-Mail to the following:

Michelle B. Barnett
Todd A. Wright
Alexander DeGance Barnett, P.A.
1500 Riverside Avenue
Jacksonville, FL 32204


Email: Michelle.barnett@adblegal.com
Email: todd.wright@adblegal.com

_____

**BRANDON J. HILL**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL S. SCHIELE,**

    **Plaintiff,**

**v.**                     **Case No. :  8:16-CV-2308-JSM-MAP**

**SOUTH EAST SHOW CLUBS,**

    **Defendant.**

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

    Plaintiff, MICHAEL S. SCHIELE, propounds the following Interrogatories to Defendant,

SOUTH EAST SHOW CLUBS, to be answered in writing, under oath and in accordance with

the Federal Rules of Civil Procedure.

    Dated this 14th day of October 2016.

                     Respectfully submitted,

                     _____

                     **BRANDON J. HILL**
                     Florida Bar No. 0037061
                     **WENZEL FENTON CABASSA, P.A.**
                     1110 N. Florida Avenue
                     Suite 300
                     Tampa, Florida 33602
                     Main No.: 813-224-0431
                     Direct No.: 813-337-7992
                     Facsimile No.: 813-229-8712
                     Email: bhill@wfclaw.com
                     Email: mk@wfclaw.com
                     **Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 14th day of October, 2016, the foregoing was

furnished via E-Mail to the following:

Michelle B. Barnett
Todd A. Wright
Alexander DeGance Barnett, P.A.
1500 Riverside Avenue
Jacksonville, FL 32204

Email: Michelle.barnett@adblegal.com
Email: todd.wright@adblegal.com

_____

**BRANDON J. HILL**

2

## GENERAL INSTRUCTIONS

In answering each interrogatory, you are required not only to furnish such information as you know of your own personal knowledge, but also to furnish information that is in the possession of your attorneys, investigators, actuaries or anyone acting on your behalf or their behalf, except to the extent that such information is privileged. If, after exercising due diligence to secure the information, you are unable to answer in full any interrogatory or portion thereof, so state and answer to the extent possible, specifying the reason you are unable to answer the remainder, describe your efforts to obtain the information and state whatever information is known concerning the unanswered portion, at all times excluding any privileged information.

In the event you claim that any information called for in these interrogatories is privileged or otherwise excludable from discovery, set forth the basis for the claim of privilege or exclusion and provide sufficient information to identify the document, oral communication, or conversation claimed to be privileged or excludable.

If you object to any interrogatory and refuse to answer that part, state your objection, identify the part to which you are objecting and answer the remaining portion of the interrogatory. If you object to the scope or time period of an interrogatory, state your objection, identify the scope or time period to which you are objecting and answer the interrogatory for the scope or time period you believe is appropriate.

If your answer to an interrogatory is qualified in any particular way, set forth the details of such qualification.

These interrogatories are continuing in the manner provided by law. Hence, if after service of your answer to an interrogatory, you obtain additional information responsive thereto, you shall supplement or amend your answer in accordance with the Federal Rules of Civil Procedure.

## I.  DEFINITIONS

1.      As used herein, "**Plaintiff**" means MICHAEL S. SCHIELE and all of his agents, representatives, attorneys, consultants, experts, accountants, and all other persons acting or purporting to act for or on behalf of him, regardless of whether they are authorized to do so.

2.      As used herein, "**Defendant**" or "**You**" means SOUTH EAST SHOW CLUBS, and all of its agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of it.

3.      As used herein, "**dates**" shall include the exact day, month and year, if ascertainable or, if not ascertainable, the best approximation thereof (including in relation to other events). Where approximate dates are used, please enter a written notation to this effect.

4.      "**Document**" includes, but is not limited to, any writing, record, minutes of meetings, work sheet, notes, agreement, contact, memorandum, message, map, diagram, chart, illustration, photograph, pamphlet, diary, computer date or other machine-readable matter,

advice, comparison, estimate, letter, interoffice communication, telegram, written analysis, report, summary, tabulation, press release, report or opinion of consultants or counsel, accountants' or auditors' report or opinion, recording, transcription, memorandum made of any telephone communication (which includes, but is not limited to, any letter, interoffice communication and telegram), paper, book, manual or other document. "Document" also includes, but is not limited to, the original, any non-identical copy and any draft of any document.

5.      "**Facts**" means all circumstances, events, acts, occurrences, including the dates thereof, and evidence, including hearsay, pertaining to or touching upon the time in question.

6.      "**Identify**" when used in reference to an individual person means to state:

   i.      his or her full name;

   ii.     whether he or she is or was an employee of Defendant and, if so, all positions he or she held with Defendant and the dates of commencement and termination, if any, of the holding of those positions;

   iii.    his or her present employer and business and home addresses, or if not known, his or her last known employer and business and home addresses;

   iv.     his or her present home and business telephone numbers, or if not known, his or her last known home and business telephone numbers.

7.      "**Identify**" when used in reference to a corporation, partnership, joint venture, firm, labor organization or other entity or organization, means state its full name and address.

8.      "**Identify**" when used in reference to a document means to state the date, title, author, addressee, recipient, type of document (e.g., letter, document, memorandum, telegram, statement, publication, note, etc.), summary of contents and the place and address of its present location and the name and address of its custodian.  If a portion only of a document is relevant to a particular interrogatory, then a request to "identify" includes stating a sufficient description thereof to distinguish that portion from the balance of said document, e.g., by page and paragraph number.

9.      "**Identify**" when used in reference to any other form of act, conduct, practice, communication, opinion or expression (i.e., not a "document" or "documentary evidence") means to state its nature (e.g., oral statement, activity, action, agreement not reduced to writing, etc.), the date and place thereof, the identity of each person who participated in or heard any part of it or who was present there, the subject matter and substance thereof including, without limitation, the substance of what was said by each person who participated in any oral communication, and the identity of the custodian and location of any writing that recorded, summarized or confirmed the act, conduct, practice, communication, opinion or expression.

10.     "**State whether**" means (i) to provide a "yes" or "no" response to the inquiry, or (ii) in the event you are unable to respond to the inquiry by "yes" or "no", to set forth the reason or reasons you cannot so respond, and otherwise respond fully and accurately in accordance with the information you have available to you.

11.     "**Set forth**" means (i) in the event the inquiry asks for specific names, numbers, dates, items or other specific designations, to state or list such names, numbers, dates, or items, or other designations, or (ii) in the event the inquiry asks for information, other than specific names, numbers, dates, items, or other specific designations, to provide in full detail the information requested.

12.     "**State the factual basis**" means to set forth each and every fact, name, item of information, inference, conclusion, argument, or other thing which you contend supports, or tends to indicate the trust of, the contention, answer, or allegation which is the subject of the inquiry, and as to such fact, etc., set forth each and every source thereof and/or other basis for asserting its truth or existence, and the date of each such fact, etc., where applicable.

## II. INTERROGATORIES

1.    Please identify each and every person who answered any or all of these interrogatories, provided information for any answer, provided advice, or in any other way took part in the preparation of these answers, describing for each person so identified what part he or she performed in the answering of these interrogatories.

**ANSWER:**

2.     Set forth in detail each and every fact with regard to the termination of Plaintiff's employment, including:

   a)   the name, job title, and address of the person who made the initial recommendation to discharge Plaintiff, and the date of such recommendation;

   b)   the name, job title, and address of the person who made the ultimate decision to discharge Plaintiff, and the date that the ultimate decision was made;

   c)   the name, job title, and address of each person who participated in the decision;

   d)   specify how each person identified in (c) participated in the decision;

   e)   the specific reasons why Plaintiff was discharged, including the particular facts underlying the allegation that Plaintiff was discharged for "cause";

   f)   the effective date of discharge;

   g)   the name of the person who informed Plaintiff that he was discharged and a summary of the conversation by which Plaintiff was informed he was discharged;

   h)   the name of each person present at the conversation by which Plaintiff was discharged;

   **ANSWER:**

3.      Please identify all persons who have knowledge of any of the allegations in the Plaintiff's Complaint or your Answer to the Complaint; and for each person please state:

      (a)      The person's name, current address and telephone number.

      (b)      The paragraphs of the Complaint or Answer of which they have knowledge.

      (c)      Summarize the specific information that they have about the paragraph or the paragraphs of which they have knowledge.

**<u>ANSWER</u>:**

4.    State whether you or any attorney or representative on your behalf has obtained statements, reports, memoranda or recordings from any person which in any way concerns the facts of this case or the matter alleged in your pleadings.

    (a)    If your answer is in the affirmative, separately identify the author of each such statement, report, memorandum or recording; the person or persons to whom such statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

**ANSWER:**

9

5.    Please indicate who in your organization was responsible for handling complaints of discrimination during Plaintiff's employment.  For the person(s) identified, state all training such person(s) has received regarding discrimination, including the date and location of any such training.  Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

   **ANSWER:**

6.     Identify all discipline received by Plaintiff during Plaintiff's employment with Defendant, including dates, reasons and nature of discipline, and person issuing discipline.

**ANSWER**:

7.     With respect to each and every affirmative defense or counterclaim raised by Defendant in its response to Plaintiff's Complaint, state separately for each such defense or counterclaim any and all factual and legal support for such defense or counterclaim and identify all witnesses who have knowledge of the facts which support such defense or counterclaim.

**<u>ANSWER</u>:**

8.    Identify any and all non-privileged documents upon which the Defendant relied in answering each of the above Interrogatory, and for each such document identified, please provide the Interrogatory Number that such document relates to.

**ANSWER**:

9.    Identify the name, age, and qualifications of the person hired to replace Plaintiff.

      **ANSWER**:

10.     Identify all communications between Plaintiff and Defendant regarding the hiring process

of Defendant.

**<u>ANSWER</u>:**

11.    Identify all communication between Plaintiff and Defendant regarding the process of
charging entertainers to perform.

**ANSWER:**

## <u>VERIFICATION</u>

I, _____, the _____ for SOUTH EAST SHOW CLUBS, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

Executed this _____ day of _____, 2016.

SOUTH EAST SHOW CLUBS

By: _____

Its: _____

STATE OF FLORIDA

COUNTY OF _____

I HEREBY CERTIFY that on this day personally appeared before me, the undersigned authority duly authorized to administer oaths and take acknowledgments, _____, the _____ of SOUTH EAST SHOW CLUBS, who is personally known to me or who has produced as identification_____, and who did/did not take an oath.

_____
NOTARY PUBLIC

17